IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSTAR BANK FSB, | No. C-11-5109 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT; VACATING JANUARY 13, 2012 HEARING** |
| v. | |
| JULIANNA SIMMONS, | |
| Defendant. | |

Before the Court is plaintiff Flagstar Bank FSB's ("Flagstar") Motion to Remand Case to State Court, filed December 5, 2011. Defendant Julianna Simmons ("Simmons"), who appears pro se, has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court finds the matter suitable for decision thereon, VACATES the hearing scheduled for January 13, 2012, and rules as follows.

In its complaint, Flagstar alleges one claim, specifically, a state law claim for unlawful detainer. In the notice of removal, Simmons asserts the complaint is removable pursuant to 28 U.S.C. § 1441 because, she contends, a federal question is presented and, alternatively, that the parties are diverse in citizenship and the amount in controversy

---

[1] Because the motion was served on Simmons by mail on December 5, 2011, any opposition was due no later than December 22, 2011. See Civil L.R. 7-3(a) (providing opposition to motion must be "served and filed not more than 14 days after the motion is served and filed"); Civil L.R. 5-5(a)(2) (providing that where motion is served by mail, "3 days are added to the time in which any party must respond").

exceeds the sum of $75,000.[2]

As Flagstar correctly observes in its motion, the instant complaint was removed to district court by Simmons twice previously, and, on both occasions, was remanded for lack of subject matter jurisdiction.

First, Simmons removed the complaint on July 22, 2011. See Flagstar Bank v. Simmons, Civil Case No. 11-3611 CRB. On August 23, 2011, the matter was remanded to state court, when the Honorable Charles R. Breyer adopted in full a Report and Recommendation from Magistrate Judge Maria Elena James. In her Report and Recommendation, filed August 16, 2011, Magistrate Judge James found that no federal question was presented by the state law claim alleged in the complaint. Additionally, Magistrate Judge James found that because Simmons is a citizen of California, Simmons was not entitled to remove the case on diversity grounds, and, in any event, that Simmons had failed to establish the requisite amount in controversy.

Second, on September 2, 2011, less than two weeks after her first attempt at removal was unsuccessful, Simmons again removed the case to district court. See Flagstar Bank v. Simmons, Civil Case No. 11-4390 MMC. In her second notice of removal, Simmons did not allege that any new circumstance had arisen since August 23, 2011, but, rather, simply refiled the initial notice of removal without any changes other than the date of the second notice. On October 6, 2011, this Court remanded the complaint for the reasons set forth in the above-referenced Report and Recommendation by Magistrate Judge James (see Civil Case No. 11-3611 CRB, Doc. No. 6), specifically, that Simmons had failed to show, and could not show, the Court had jurisdiction over Flagstar's complaint.

Undeterred by the two prior remands, Simmons has, again, removed the complaint, and, again, fails to allege any new circumstance. Rather, Simmons repeats the same contentions that have been rejected on two prior occasions.

---

[2] Although the caption of the notice of removal also cites 28 U.S.C. § 1333 and 28 U.S.C. § 1337, Simmons fails to allege any facts that implicate the grounds for removal set forth in either such statute.

Under such circumstances, the Court again finds, for the reasons set forth in Magistrate Judge James's Report and Recommendation that Simmons has failed to show, and cannot show, the Court has jurisdiction over Flagstar's complaint.[3]

Accordingly, Flagstar's motion is hereby GRANTED, and the complaint is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: December 27, 2011

MAXINE M. CHESNEY
United States District Judge

---

[3] By separate order filed concurrently herewith, the Court will direct Simmons to show cause why an order should not be entered prohibiting her from filing, without advance approval, any further notice of removal of the instant complaint.