IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLAGSTAR BANK FSB, | No. C-11-5109 MMC |
| Plaintiff, | **ORDER DIRECTING DEFENDANT JULIANNA SIMMONS TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE PRE-FILING ORDER** |
| v. | |
| JULIANNA SIMMONS, | |
| Defendant. / | |

By separate order filed concurrently herewith, the Court has remanded to state court the complaint filed by plaintiff Flagstar Bank FSB's ("Flagstar") against defendant Julianna Simmons ("Simmons"). The instant action constitutes the third attempt by Simmons to remove Flagstar's complaint, each time on the exact same grounds. As is set forth in greater detail below, it appears appropriate that the Court impose upon Simmons sanctions in the form of a pre-filing order restricting her ability to further remove Flagstar's complaint.

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." See De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, district courts have "the inherent power to enter pre-filing orders against vexatious litigants." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Before imposing a

1 pre-filing order, a district court must provide the litigant with "adequate notice and a chance
2 to be heard," identify the "cases and motions that support the conclusion that [the litigant's]
3 filings are so numerous or abusive that they should be enjoined," make "substantive
4 findings as to the frivolous or harassing nature of the litigant's actions," and ensure any pre-
5 filing order is "narrowly tailored to closely fit the specific vice encountered." See De Long,
6 912 F.2d at 1147-48 (internal quotation and citation omitted).

7 Flagstar's complaint alleges one state law claim, specifically, a claim for unlawful
8 detainer. In its complaint, filed April 8, 2011 in state court, Flagstar alleges that it owns
9 certain real property in Livermore, California, that in December 2010 it served on Simmons
10 a notice to vacate, and that, to date, Simmons has refused to vacate the premises.
11 Flagstar seeks an order granting it possession of the property, as well as monetary relief in
12 an amount not to exceed $10,000.

13 Simmons has removed said unlawful detainer proceeding from state court three
14 times: first, on July 22, 2011, next, on September 2, 2011, and then again, on October 19,
15 2011. In each notice of removal, Simmons has asserted that Flagstar's state law claim
16 presented a federal question and, additionally, that the parties to the state law proceeding
17 were diverse in citizenship and the amount in controversy exceeded the sum of $75,000.
18 (See Notice of Removal, filed July 22, 2011, Flagstar Bank, FSB v. Simmons, C-11-3611
19 CRB; Notice of Removal, filed September 2, 2011, Flagstar Bank, FSB v. Simmons, C-11-
20 4390 MMC; Notice of Removal, filed October 19, 2011, Flagstar Bank, FSB v. Simmons, C-
21 11-5109 MMC.)

22 In response to the first notice of removal, Flagstar filed a motion to remand;
23 Simmons did not file opposition or otherwise respond thereto. On August 16, 2011,
24 Magistrate Judge Maria Elena James issued a Report and Recommendation, finding
25 therein that Flagstar's motion to remand should be granted because no federal question
26 was presented in the unlawful detainer proceeding and Simmons could not establish that
27 the amount in controversy exceeded the sum of $75,000. On August 23, 2011, the
28 Honorable Charles R. Breyer adopted in full the Report and Recommendation, and the

2

1  matter was remanded to state court.

2  Undeterred, Simmons, less than two weeks later, filed her second notice of removal, 3 which notice was identical to the first notice of removal. Flagstar again filed a motion to 4 remand, and Simmons, again, did not file opposition or otherwise respond thereto. On 5 October 6, 2011, the Court remanded the matter to state court, finding, for the reasons 6 stated in Magistrate Judge James' earlier-filed Report and Recommendation, that Simmons 7 could not establish federal jurisdiction over the unlawful detainer proceeding. In so ruling, 8 the Court noted that in light of the timing of the second notice of removal and there being 9 no difference in circumstances, it appeared Simmons had filed the second notice of 10 removal in bad faith. The Court, however, did not impose sanctions, none having been 11 requested, but observed Flagstar could seek monetary sanctions in state court.

12 Again undeterred, Simmons, less than two weeks after the second remand, removed 13 the unlawful detainer action for a third time. In her third notice of removal, Simmons 14 repeated her assertion that the unlawful detainer proceeding presented a federal question 15 and that the amount in controversy exceeded the sum of $75,000, and failed to identify any 16 new circumstance that had arisen between either of the two earlier remands and the date 17 on which she removed the action for the third time. Once again, Flagstar filed a motion to 18 remand and Simmons failed to file a response thereto. As set forth in the order of remand 19 filed concurrently herewith, the Court has remanded the matter.

20 In light of the above-stated facts, the Court finds Simmons' filing of the third notice of 21 removal was frivolous, in bad faith, and was made solely to delay the state court's 22 rendering of a decision on the merits of the unlawful detainer proceeding. As noted, the 23 third notice of removal was based solely on grounds that had been rejected on two prior 24 occasions. Consequently, Simmons lacked any good faith belief that a district court was 25 the proper forum to hear the merits of the unlawful detainer proceeding. Moreover, in a 26 transparent attempt to avoid a potential argument that the third notice of removal was 27 untimely, see 28 U.S.C. § 1446(a) (providing notice of removal must be filed within thirty 28 days after receipt by defendant of pleading or paper in which grounds for removal appear),

Simmons included in the third notice of removal a false statement, and one she apparently knew to be false, specifically, that she had been served by Flagstar on a date "less than 30 [thirty] days" from October 19, 2011, the date of the third notice of removal (see Notice of Removal at 4); as discussed above, Simmons first removed the unlawful detainer proceeding several months before October 19, 2011.

The Court further finds it is highly likely, in the absence of the imposition of sanctions, that Simmons will file a fourth notice of removal, as part of her ongoing attempt to avoid any determination of the merits of the unlawful detainer proceeding in its proper forum.

On the record described above, the Court finds the imposition of sanctions are appropriate, and, specifically, that Simmons be subject to a pre-filing order that will not allow her to file, without advance approval of the Duty Judge, a notice of removal of the matter titled Flagstar, FSB v. Simmons, filed in the Superior Court of California, County of Alameda, Case No. VG 11-569957.

Accordingly, Simmons is hereby ORDERED TO SHOW CAUSE, in writing and no later than January 6, 2012, why such pre-filing order should not be issued. As of January 6, 2012, unless the parties are otherwise advised, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: December 27, 2011

MAXINE M. CHESNEY
United States District Judge